IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TransCapital Bank, | Case No. 3:11 CV 1176 |
|           Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Merchants Mutual Insurance Company, | |
|           Defendant. | |

This matter is before this Court on Plaintiff TransCapital Bank's ("TCB") Motion to Modify or Vacate Award (Doc. 37) and Supplement (Doc. 39); Defendant Merchants Mutual Insurance ("Merchants") opposes (Doc. 40); and Plaintiff replied (Doc. 41). The appointed Umpire, Judge Richard Knepper, filed an Affidavit (Doc. 42) responsive to TCB's Motion.

### BACKGROUND

Broadly, this case concerns insurance coverage for vandalism and theft damage sustained to an 11-story, 215-unit hotel and conference center located at 2340 South Reynolds Road, Toledo, Ohio ("Property"). The alleged date of loss is July 31, 2009 (Doc. 1-2 at 2). TCB, as the mortgage holder of the Property, filed this lawsuit demanding that Merchants pay on an insurance policy covering certain losses to the Property. The policy named TCB the loss payee (*see* Doc. 1-1).

In November 2011, this Court filed a Stipulated Order (Doc. 29) entering judgment in favor of TCB on the issue of coverage under the policy, leaving the "sole remaining issue under the policy . . . a determination as to the amount of loss" (*id.* at ¶ 3). Section E(2) of the policy addresses disputes over loss valuations:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their difference to the umpire. **A decision agreed to by any two will be binding**. (Doc. 26-2 at 10) (emphasis added).

Upon the parties' request, this Court appointed Judge Richard Knepper (Retired) to serve as Umpire (Doc. 33).

Each party selected an appraiser. The appraisers prepared reports about damage to the Property at the date of loss and submitted the reports to the Umpire. TCB's appraiser submitted a 700-plus page report with a total estimated loss of $3,987,845.90 (Doc. 42 at ¶ 10). Merchants' appraiser calculated the loss to be $304,825 under an "actual cash value" calculation (*id.* at ¶ 11). The Umpire ultimately agreed with the Merchants appraisal, and a Notice of Appraisal Award (Doc. 36) was filed delineating the amounts awarded TCB:

|  | Replacement Cost | Actual Cash Value |
|---|---:|---:|
| Building: | $375,695.00 | $258,635.00 |
| Interest on Building: | 32,560.00 | 22,416.00 |
| Contents Fixtures Affixed to Building: | 33,000.00 | 22,001.00 |
| Interest on Contents Fixtures Affixed to Building: | 2,861.00 | 1,907.00 |
| Sub totals: | $444,116.00 | $304,959.00 |
| Increase for Umpire / Appraiser Agreement: | 5,041.00 | 5,041.00 |
| Sub totals: | **$449,157.00** | **$310,000.00** |
| Less 50% of Umpire fee of $10,350.00: |  | -5,175.00 |
| **Net ACV Claim Award:** |  | **$304,825.00** |

2

TCB asks this Court to modify the Award to "properly reflect covered losses for Business Personal Property in the amount of $466,146" or alternatively to vacate the award entirely "due to the manifest bias corruption on the part of the Umpire and Merchants' appraiser" (Doc. 37 at 11). In its Supplement, TCB further asks for an evidentiary hearing to take the testimony of one of Merchants' inspectors (Doc. 39 at 2).

## DISCUSSION

Both parties cite to Ohio law as governing this insurance dispute.

### *Appraisal versus Arbitration*

TCB argues R.C. § 271.11, which deals with modifications to arbitration awards, applies to its objection to the Umpire's Award. However, under Ohio law, an appraisal condition in an insurance policy is not subject to arbitration statutes. *Royal Ins. Co. v. Ries*, 80 Ohio St. 272, 283–84 (1909); *Stuckman v. Westfield Ins. Co.*, 2011-Ohio-2338, at ¶ 20 (Ohio Ct. App. 2011); *see also Guider v. LCI Commc'ns Holdings Co.*, 87 Ohio App. 3d 412, 418–19 (1993) ("The law has traditionally distinguished arbitration from appraisal."). The difference between arbitrations and appraisals has been described by Ohio courts as follows:

> Insurance appraisals are generally distinguished from arbitrations. * * * While both procedures aim to submit a dispute to a third party for speedy and efficient resolution without recourse to the courts, there are significant differences between them. For example, an arbitration agreement may encompass the entire controversy between parties or it may be tailored to particular legal or factual disputes. In contrast, an appraisal determines only the amount of loss, without resolving issues such as whether the insurer is liable under the policy. Additionally, an arbitration is a quasi-judicial proceeding, complete with formal hearings, notice to parties, and testimony of witnesses. Appraisals are informal. Appraisers typically conduct independent investigations and base their decisions on their own knowledge, without holding formal hearings. *Guider*, 87 Ohio App. 3d at 418 (internal citation and quotation marks omitted).

3

The policy here repeatedly references an "appraisal" or "appraiser," never an "arbitration" (*see* Doc. 26-2 at 10).  The only issue to be determined by the Umpire was the loss amount.  This Court finds the process used by the parties in this case was an appraisal, consistent with the policy and the pleadings.

### *Review of Appraisal for Fraud, Mistake, or Misfeasance*

"A court's review of an appraisal is extremely limited."  *Stuckman*, 2011-Ohio-2338 at ¶ 24 (internal citation and quotation marks omitted).  Generally, "a court should not interfere with an appraisal award absent fraud, mistake, or misfeasance."  *Id.*  The mistake must be of such a character that the appraiser would have corrected it had it been called to his attention.  *Lakewood Mfg. Co. v. Home Ins. Co. of N.Y.*, 422 F.2d 796, 798 (6th Cir. 1970).

TCB appears to argue both mistake and misfeasance.  The thrust of TCB's Motion is that the award does not account for business personal property located at the Property, including air conditioning units, televisions, mattresses, furniture, and office equipment.  TCB alleges its personal business property claim alone is worth $466,146 (Doc. 37 at 7).  This alleged mistake, TCB says, "is so palpably wrong so as to indicate bias on the part of the Umpire and Merchants' appraiser" (Doc. 37 at 6 n.4).  TCB complains that Merchants' appraisal did not include an inventory and its appraiser never inspected the Property for the purpose of determining business personal property loss.  Accordingly, TCB argues that an award based on Merchants' appraisal is error.

TCB maintains the Umpire, without authority, determined that TCB did not have an insurable interest in the business personal property at issue (Doc. 37 at 5–6).  TCB argues that the issue of coverage liability was already litigated, resulting in the Stipulated Order (Doc. 29) entering judgment in favor of TCB on the issue of coverage under the policy, and therefore the Umpire exceeded his

authority by declining to award TCB business personal property damages. In response, Merchants maintains that when TCB presented a claim for business personal property loss to the Umpire, Merchants asserted that TCB would need to show its insurable interest in the business personal property and show that such property was actually damaged or stolen as a result of the vandalism claim. Merchants contends the Award reflects the Umpire's valuation of that alleged loss.

TCB also appears to allege misfeasance in connection with the process, maintaining that its appraiser "did not have any input into the Award," except for a 30-minute phone call between TCB's appraiser and the Umpire (Doc. 37 at 8–9). TCB accuses the Umpire of "rubber stamping" Merchants' appraisal (*id.* at 9). TCB also accuses Merchants' appraiser of "act[ing] as an employee of Merchant[s] rather than an independent appraiser" and misrepresenting to the Umpire that Merchants had inspected every room of the hotel (*id.*).

This Court finds no evidence of mistake or misfeasance. The Umpire did not exceed his authority when he declined to include a line-item in the Award for business personal property. The Umpire considered TCB's appraisal, including the $466,146 appraised loss for business personal property, but rejected TCB's appraisal finding that the Award submitted to this Court "represented, the closest appraisal of damages *on the stated date of loss*" (emphasis added) (Doc. 42 at ¶ 17). The Umpire did not engage in misfeasance or mistake by failing to include business personal property for air conditioning units, televisions, mattresses, furniture, and office equipment in the Award. The Umpire evidently found there was insufficient proof when such losses, if any, occurred, as this property remained vacant and unprotected for a period of time. *See Smith v. Shelby Ins. Group*, 1997 WL 799512, at *5 (Ohio Ct. App. 1997) (finding umpire did not engage in fraud or mistake by not

including an amount for a vehicle's wheels, tires, radio, and antenna in appraisal award where insufficient evidence existed to assess the value of each item).

Each appraiser is tasked with justifying the appraisal submitted to the umpire. An umpire may accept or reject a figure submitted by an appraiser.

In short, TCB's suggestion of misfeasance on the part of the Umpire and/or Merchants is baseless. Nothing in the record suggests impropriety. The parties had the same opportunity to inspect the Property and present appraisal reports to the Umpire. That the Umpire agreed with Merchants' appraisal rather than TCB's appraisal is not evidence of misfeasance. Moreover, the Umpire did not "rubber stamp" Merchants' appraisal as TCB suggests. Rather, the Umpire attempted to discern the damages that existed on the date of loss (July 31, 2009) by reviewing repair estimates conducted closest in time to the date of loss (Doc. 42 at ¶¶ 13-15).

## CONCLUSION

TCB's Motions to Modify or Vacate (Doc. 37) and Supplement (Doc. 39) are denied.

Because this matter has been fully and finally resolved through the policy's Appraisal provision, this Court confirms the Award (Doc. 36) and enters judgment in favor of Plaintiff TransCapital Bank in the amount of $304,825.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 28, 2013